UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 06-183-KSF

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                             **OPINION & ORDER**

WILLIAM COOK                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court are the motions of the defendant, William Cook, for appointment of counsel [DE #61, 63]. For the reasons set forth below, Cook's motions will be denied.

Cook was indicted by a federal grand jury on October 16, 2005, charging him with knowingly transporting a fourteen-year-old minor female from Ohio to Scott County, Kentucky, with the intent that the minor engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2423(a). Cook entered a not guilty plea, and this matter proceeded to trial [DE #14]. On March 14, 2007, the jury returned a guilty verdict [DE #34].

Cook was subsequently sentenced by this Court to 292 months of imprisonment followed by supervised release for life [DE #46]. Cook's conviction was subsequently upheld by the Sixth Circuit Court of Appeals on July 29, 2008, and mandate issued on August 20, 2008 [DE ##58, 59]. The time for filing a petition for writ of certiorari to the United States Supreme Court has expired.

Cook has recently filed two motions for appointment of counsel. Cook generally states that he needs an attorney "to help me out with my case and my appeals" [DE #61] However, Cook has exhausted all avenues of direct appeal and he has no action pending in this Court. To the extent that he now seeks to challenge his conviction by filing a collateral attack pursuant to 28 U.S.C. § 2255,

indigent prisoners have no constitutional right to receive a court appointed attorney to prosecute collateral attacks on their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The appointment of counsel for indigent prisoners in proceedings under § 2255 is within the discretion of the court unless denial would result in a fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Cook has not shown that the denial of his request for counsel would result in any fundamental unfairness and the court will not exercise its discretion to appoint counsel for Cook's collateral attack on his conviction.

Accordingly, the Court hereby **ORDERS** that Cook's motions for appointment of counsel [DE ##61, 63] are **DENIED**.

This 4th day of February, 2009.

Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**