UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-7063-KSF-CJS
CRIMINAL ACTION NO. 06-183-KSF

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                    **OPINION & ORDER**

WILLIAM COOK                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the Report and Recommendation issued by the Magistrate Judge on September 7, 2010. The defendant having filed his objections, and the United States having filed its response, this matter is now ripe for review.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Cook was indicted on November 30, 2006 by a federal grand jury on one count of knowingly transporting a 14-year old female from Ohio to Kentucky with the intent that she engage in sexual activity, in violation of 18 U.S.C. § 2423(a) [DE #1]. Cook proceeded to trial on March 13, 2007. The evidence at trial established that in October 2005, Cook told his daughter he was separating from her mother and that he was falling for her 15-year old cousin, Brandy. He asked his daughter if she wanted to go with him to start a new life and told her to ask Brandy if she wanted to come too. Then, on October 16, 2005, Cook drove from Lucasville, Ohio to Georgetown, Kentucky with his daughter and Brandy. His daughter testified that she thought they were going to Kentucky to talk to her uncle, Cook's brother, to see if they could stay with him when they moved. Brandy testified that Cook told her he was taking them to a mall.

After driving for about three hours, Cook stopped at a hotel in Georgetown, Kentucky, only twenty minutes from his brother's house, where he checked in. Brandy testified that after hanging out and watching television, she went to bed lying next to her cousin but when she woke up, her cousin was in the other bed and Cook was in bed with her. Brandy testified that Cook raped her.

During closing arguments, Cook's counsel admitted that he had sex with Brandy. However, she explained that the issue in this federal case was whether the significant or motivating factor behind Cook's transporting of Brandy to Kentucky was for the purpose of having sex with her. Cook's counsel argued that the evidence did not support such a finding. The jury, however, disagreed. After deliberating less than two hours, the jury returned a guilty verdict.

Cook was subsequently sentenced by this Court on June 22, 2007. The Guidelines suggested a sentencing range of 292 to 365 months of incarceration. Cook was ultimately sentenced to a 292-month term of imprisonment, to be followed by a life term of supervised release [DE ##46, 54].

Cook appealed this sentence on July 2, 2007 [DE #49]. On appeal, Cook did not dispute that he knowingly transported Brandy across state lines, that sexual activity occurred, or that she was under the age of 18. He argued instead that there was insufficient evidence that his intent in traveling across state lines was to engage in sexual activity. The Sixth Circuit rejected this argument, and affirmed Cook's conviction and sentence [DE #58].

On February 5, 2009, defendant William Cook filed his *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE #65]. In this motion, he presents three grounds for relief: ineffective assistance of counsel for failing to object to an incorrect presentence investigation report; ineffective assistance of counsel for counsel's failure to inform him of a plea offer from the Government; and a violation of his constitutional rights because the jury was "all

Anglo." The United States filed its Response [DE #69] to which the defendant filed his Reply [DE #70].

Then on January 12, 2010, while his motion was still pending, Cook filed a second motion which the Court construed as a Supplemental Motion [DE #71]. In his Supplemental Motion, Cook asserts the following additional claims: Cook's Motion for Judgment of Acquittal was wrongfully denied; the prosecutor improperly influenced the testimony given by some of the prosecution's witnesses; and additional claims of ineffective assistance of counsel based upon counsel's failure to protect his interest during jury selection, her failure to object to the introduction of DNA evidence that was not maintained in a proper chain of custody, her failure to call certain witnesses on his behalf, and her defamatory statements about him in her closing arguments. While this new motion contains new arguments, Cook did not submit any new evidence.

## II. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed her Report and Recommendation on September 9, 2010, in which she recommends denying Cook's § 2255 motions [DE #84]. Specifically, the Magistrate Judge found that Cook's claims based on jury selection and the Court's use of an incorrect presentence investigation report are barred by *Bousley v. United States*, 523 U.S. 614, 621 (1998), because Cook failed to raise these issues on direct appeal. Additionally, because the Sixth Circuit has already reviewed his claim based on insufficiency of the evidence, he cannot relitigate the issue in this §2255 motion absent some highly exceptional circumstances not present in this case. *See United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

The Magistrate Judge then turned to Cook's claims based on ineffective assistance of counsel during the trial and sentencing. After careful review, the Magistrate Judge determined that Cook was well-represented at trial and at sentencing and that his claims of ineffective assistance of counsel thus fail under the two-part test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Finally, the Magistrate Judge considered whether the Court should issue a certificate of appealability ("COA") under Rule 11 of the Federal Rules Governing Section 2255 Proceedings. Because Cook failed to make a substantial showing of the denial of any constitutional right, the Magistrate Judge recommended that no COA issue in this case. Cook has now filed timely objections to the Magistrate Judge's Report and Recommendation, and the United States has filed its Response [DE #89].

### III.  ANALYSIS

This Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). First, Cook argues that he was denied a jury of his peers in violation of his Sixth Amendment rights. However, as the Magistrate Judge noted, this claim is barred as a result of Cook's failure to raise this issue on direct appeal. Accordingly, this objection will be overruled.

Next, Cook argues his counsel was ineffective for failing to call certain witnesses that would have testified that Cook had a longstanding relationship with Brandy. As the Magistrate Judge noted, the decision of Cook's counsel not to call these witness was a sound trial strategy that does not amount to ineffective assistance of counsel. *United States v. Foreman*, 323 F.3d 498, 503-04 (6th Cir. 2003). This objection, therefore, will be overruled.

Third, Cook again challenges his sentence. However, as the Magistrate Judge noted, he failed to raise this issue on his direct appeal. When a defendant raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless he can show cause for his failure to raise the claim during the appeal, and actual prejudice stemming from the alleged violation. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Cook has offered no such explanation for failing to raise this issue on direct appeal. As a result, he has procedurally defaulted on this claim. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Even so, Cook's 292-month sentence is at the bottom of the guideline range and is presumed to be reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Accordingly, this objection will be overruled.

Fourth, Cook continues to argue that the statements made by his counsel during opening and closing statements amount to ineffective assistance of counsel and resulted in his conviction. While Cook's counsel indeed made negative statements about Cook's character, this Court agrees with the Magistrate Judge that these statements were part of her strategy to lessen the impact of his offensive behavior by acknowledging it and explaining why it was not the issue in this case. Thus, this objection will be overruled.

Finally, Cook argues that the prosecutor improperly influenced the testimony of some of the prosecution's witnesses, including his family members. As noted by the Magistrate Judge, Cook failed to raise this issue on direct appeal. Under *Bousley*, 523 U.S. at 621, Cook has procedurally defaulted on this claim.

In conclusion, having carefully reviewed Cook's objections and finding them to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Therefore, the defendant's objections will be overruled.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). To the extent that Cook failed to object to any portion of the Magistrate Judge's Report and Recommendation, he has waived the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the entirety of the Magistrate Judge's Report and Recommendation.

In determining whether a certificate of appealability should issue as to Cook's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Cook has not presented a close call or one which is "debatable" and a certificate of appealability will not issue.

**IV.     CONCLUSION**

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** as follows:

(1) the Magistrate Judge's Report and Recommendation [DE #84] is **ADOPTED** as and for the opinion of the Court;

(2) Cook's objections to the Magistrate Judge's Report and Recommendation [DE #86] are **OVERRULED**;

(3) Cook's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #65] and his supplemental motion [DE #71] are **DENIED**;

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(5) this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This October 28, 2010.

Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**