UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:06-CR-183-KSF-REW |
| | ) | No. 5:13-CV-7289-KSF-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| WILLIAM COOK, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant, William Cook, proceeding *pro se*, moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). DE #99 (Motion). Cook seeks relief from a prior judgment of the Court denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Id.* The United States responded to the motion (DE #101), and Cook replied (DE #104).[1] Per normal District practice, the matter was referred to the undersigned for a recommended disposition.

After reviewing the record and applicable law, the Court **RECOMMENDS** that the District Court **TRANSFER** Cook's motion (DE #99) to the Sixth Circuit. For the reasons set forth below, the Court finds that Cook's motion, although denominated a motion for relief from judgment under Rule 60(b), constitutes a second or successive

---

[1] Cook later filed a pleading styled a "Motion to Exsepet [sic] More to My Motion," making further statements in support of his Rule 60(b) motion. DE #105 (Motion). The Clerk docketed the pleading as a motion to accept additional information. The United States did not object or otherwise respond to the motion. The Court grants the motion by separate Order, and the Court has considered the pleading in resolving Cook's Rule 60(b) motion.

1

§ 2255 motion, and, at this stage, it is not certified as required by § 2255(h). Alternatively, the Court recommends that the District Court deny Cook's motion for Rule 60(b) relief.

I.  **Background Information**

A federal grand jury indicted Cook on November 30, 2006. DE #1 (Indictment). The single count of the indictment charged Cook with knowingly transporting a fourteen-year-old minor female from Ohio to Kentucky with the intent that the minor engage in sexual activity, a violation of 18 U.S.C. § 2423(a). *Id.* Cook proceeded to trial on the charge, and a jury found him guilty on March 14, 2007. *See* DE #34 (Verdict Form). On June 22, 2007, the District Judge sentenced Cook to 292 months of imprisonment and a lifetime term of supervised release. *See* DE #42 (Sentencing Minute Entry); DE #46 (Judgment).

Cook timely appealed to the Sixth Circuit, arguing that there was insufficient evidence that his intent in traveling across state lines was to engage in sexual activity with the minor child. *See* DE #49 (Notice of Appeal); DE #58 (Order). The Sixth Circuit rejected Cook's argument and affirmed his conviction. DE #58. Cook did not petition the Supreme Court for a writ of certiorari.

Cook filed a motion to vacate his sentence under § 2255 in this Court in February 2009. DE #65 (Motion). He later filed a construed supplemental § 2255 motion. DE #71 (Construed Supplemental Motion). Cook raised several claims, including an allegation that his trial counsel provided ineffective assistance by failing to inform him of a plea offer until after his trial and conviction. DE #65 at 2. After reviewing Cook's pleadings, the Government's responses, and related documents, Magistrate Judge

Candace J. Smith recommended that the District Court deny Cook's § 2255 motion and its supplement. DE #84 (Report & Recommendation). Cook filed objections to Judge Smith's recommendation (DE #88 (Objections)), and the Government responded (DE #89 (Response)). District Judge Forester overruled Cook's objections. DE #90 (Opinion & Order). Consistent with Judge Smith's recommendation, Judge Forester denied Cook's motion to vacate, as supplemented, declined to issue a certificate of appealability, and entered judgment in favor of the United States. *Id.*; DE #91 (Judgment). Cook appealed Judge Forester's decision (DE #92 (Notice of Appeal)), but the Sixth Circuit denied his motion for a certificate of appealability on August 1, 2011 (DE #98 (Order)).

Nearly two years later, Cook filed the Rule 60(b) motion for relief from judgment currently pending before the Court. The motion stands ripe and ready for review.

**II.     Analysis**

**A. Cook's Rule 60(b) Motion Is a Successive Petition**

As a threshold matter, the Court considers whether Cook's motion constitutes a second or successive § 2255 motion. The United States argues that it does. DE #101 at 3-5. The Court agrees.

In *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2646-48 (2005), the Supreme Court held that a Rule 60(b) motion should be treated as a second or successive habeas application when it advances one or more "claims." The Court explained that a motion can "be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 2648 (emphasis in original). A

Rule 60(b) motion does not bring a "claim," however, when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the . . . proceedings." *Id.* The *Gonzalez* Court specifically noted that a movant is *not* making a claim "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 2648 n. 4.

Although the *Gonzalez* Court "explicitly limited its holding to the relationship between Rule 60(b) and 28 U.S.C. § 2254," *see In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (citing *Gonzalez*, 125 S. Ct. at 2646 n. 3), the Sixth Circuit has held that *Gonzalez*'s reasoning also applies to the relationship between Rule 60(b) and § 2255 motions. *Id.*; *see also United States v. Luney*, 2011 WL 4528152, at *3 n. 1 (E.D. Ky. Sept. 28, 2011).

Here, Cook contends that he is entitled to Rule 60(b) relief because the Court erred in failing to provide him with an evidentiary hearing on his prior § 2255 motion, specifically with respect to his claim that trial counsel afforded him ineffective assistance by failing to notify him of a plea offer until after the trial. DE #99 at 2-3. Section 2255 includes a hearing requirement: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b) (emphasis added). Thus, at first blush, Cook's Rule 60(b) motion may appear to be an arguable attack on the integrity of the § 2255 proceedings. A close

4

review of the record, however, shows that Cook is attacking the merits of the Court's prior decision denying § 2255 relief.

In her recommendation to the District Court on Cook's § 2255 motion, Judge Smith addressed the relevant ineffective assistance claim as follows:

> Cook argues that his counsel was ineffective for failing to notify him of the Government's plea offer. Counsel states in her affidavit that she has a specific recollection of reviewing the written plea agreement with Mr. Cook. (R. 69-1, at ¶ 5). Counsel also states that her time records reflect the work she did on the plea agreement, including reviewing the plea agreement on February 23, 2007; conducting research on the applicable Guideline range; and meeting with Cook for almost three hours on March 5, 2007, to discuss the proposed plea agreement and the consequences of going to trial. (*Id.*). Her records further reflect that on March 5, 2007, she called the prosecutor and the Court to relay Mr. Cook's decision to reject the offer and proceed with trial. (*Id.*). The Court has reviewed counsel's time records, and finds that they support counsel's recollection. (R. 83-1).
>
> In addition, the record also supports counsel's recollection. (R. 22, n. 4). In the Government's Response to Defendant's Motion in Limine, the Government explained its witness interviews were delayed because of its belief that a plea agreement might be reached. "At the request of the Defendant, the United States provided the Defendant with a plea agreement on February 22, 2007. Defense counsel did not contact the United States until mid-afternoon on Monday March 5, 2007, to state that the Defendant did not want to plead guilty." (*Id.*).
>
> Cook's bare assertion in his motion, without any evidentiary support, that he was not informed of the plea offer until after the trial is contradicted by the record and counsel's affidavit. The Sixth Circuit has held that when a factual dispute arises in a § 2255 motion, "the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (citing *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, 522 U.S. 1217 (2008)) (finding evidentiary hearing not required since record refuted petitioner's claim that counsel did not inform him of plea offer).
>
> Here, similar to *Amr*, the record refutes Defendant's factual allegations, thus making an evidentiary hearing unnecessary. As previously stated, the record before the district court consisted of a declaration by Defendant's attorney stating that she has a specific recollection of discussing the plea offer with him and that her time records support her recollection. In addition, counsel's declaration is supported by

> facts set forth in a brief filed by the Government, which confirms the dates set forth in counsel's declaration. This information clearly contradicts Defendant's claim that his attorney failed to inform him of the plea offer. Moreover, there is nothing in the record to indicate that Defendant would have been able to prove his allegations at an evidentiary hearing. He has not identified any evidence, other than his own testimony, that he could present to support his claim. Therefore, an evidentiary hearing is not required.
>
> In summary, Cook has failed to present any evidence that his counsel failed to inform him of the plea agreement. Therefore, his claim of ineffective assistance of counsel in this regard is rejected.

DE #84 at 8-9. Judge Smith, then, made a specific finding that the record showed Cook was not entitled to relief on the claim, and therefore, consistent with Sixth Circuit law, no evidentiary hearing was required. Notably, Cook did not challenge this finding in objections to Judge Smith's recommendation filed in the District Court. *See* DE #88.

In the pending Rule 60(b) motion, Cook argues that the Court should have held an evidentiary hearing. More specifically, however, he contends that the Court "erred in making the decision to trust the affidavit [from trial counsel] submitted by" the United States. DE #99 at 2. He further states that, as a pro se litigant, he should have been afforded substantial deference, and an evidentiary hearing should have occurred because the facts, when viewed in the light most favorable to Cook, would have entitled him to § 2255 relief. *Id.* at 3. Read in the context of Judge Smith's recommendation, it is clear that Cook is not attacking the integrity of the § 2255 proceedings or any procedural decision made by the Court during those proceedings. Rather, Cook simply disagrees with the Court's decision on the merits, as reflected in Judge Smith's recommendation and Judge Forester's Order adopting that recommendation. Cook believes that the facts entitle him to relief, and he disagrees with the Court's decision to credit trial counsel's affidavit. Under *Gonzalez,* Cook's attack on the Court's prior merits determination

qualifies as a "claim."[2] The decision to rule without an evidentiary hearing was simply an element of the merits determination—Judge Smith assessed that the record foreclosed the need for a contested hearing. The ruling did not foreclose but simply formulated the record for a full merits review.

A review of Cook's other pleadings related to the Rule 60(b) motion further supports a finding that Cook is challenging the Court's decision on the merits of his prior § 2255 motion, in effect raising a claim or claims. *See* DE ##104, 105. Indeed, although difficult to decipher at times, Cook's reply memorandum and motion to accept additional information appear to reference and challenge on the merits other determinations made in the prior § 2255 proceedings, as well as raise new claims that attack the conviction itself. Further, although Cook cites recent case law in his pleadings, including *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), in which the Supreme Court held that defense counsel generally has a duty to communicate favorable, formal plea offers to the accused, the Court notes that neither Judge Smith nor Judge Forester found that counsel's failure to communicate a plea offer would not (if proven) have constituted ineffective assistance.

---

[2] As stated by the Tenth Circuit in *In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009),

> [The prisoner's] Rule 60(b) motion does lead inextricably to a merits-based attack on the dismissal of the § 2255 motion. The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

Rather, in Cook's prior § 2255 proceedings, the Court held that the record conclusively refuted Cook's claim that trial counsel did not advise him of the Government's plea offer.

Accordingly, Cook's motion, though denominated a Rule 60(b) motion, is a successive § 2255 motion. Cook has not received the requisite authorization for such a motion from the Sixth Circuit. *See* § 2255(h); *see also* § 2244(b)(3). The Court recommends that the District Court transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when . . . a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

### B.  Alternatively, Rule 60(b) Relief Is Not Justified

Even assuming Cook properly made the pending motion pursuant to Rule 60(b), the Court would recommend no relief. Rule 60(b) provides that a court

> may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A motion under the Rule "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(c)(1).

Cook expressly invokes Rule 60(b)(6) in his motion. DE #99. In *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989), however, the Sixth Circuit held that "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances." Here, Cook claims that the Court committed legal error by failing to hold a hearing on his ineffective assistance claim. Thus, his motion is properly considered a motion under 60(b)(1). The Court is not aware of any "exceptional circumstances" that would render the motion cognizable under Rule 60(b)(6). Cook did not bring his motion within a year after the entry of judgment, as required by Rule 60(c). In fact, he brought the motion more than two and a half years after the Court's October 28, 2010 Judgment (DE #91). The time limit in Rule 60 is "jurisdictional, and the district court does not have the discretion to extend the period of limitation[.]" *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (citations omitted). Accordingly, Cook's Rule 60(b) motion is time-barred.

Further, even if it were cognizable under Rule 60(b)(6), the Court could not find that Cook filed the motion "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). As noted previously, Cook did not challenge Judge Smith's determination that an evidentiary hearing was unnecessary in his objections to her recommendation. *See* DE #88. Cook then filed a Notice of Appeal to the Sixth Circuit that did not reference the Court's decision not to hold a hearing on his § 2255 motion. *See* DE #92. Although Cook claims

that he has been in the prison's SHU, or Special Housing Unit, awaiting transfer, with limited access to his property and the law library (*see* DE #104), he does not provide any specific dates regarding his time in the SHU. Moreover, Cook knew or should have known of the grounds for his Rule 60(b) motion in September 2010, when Judge Smith issued her recommendation. In light of these facts and circumstances, Cook filed his motion for relief from judgment too late.

## III.     Recommendation

Thus, for the reasons discussed above, the Court **RECOMMENDS** that the District Court **TRANSFER** Cook's motion (DE #99), which functionally and effectively seeks relief pursuant to 28 U.S.C. § 2255, to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion is second or successive. Alternatively, to the extent the District Court finds that Cook properly made his motion under Rule 60(b), the Court recommends that the District Court deny the motion.[3]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this

---

[3] The Sixth Circuit has held that, in § 2255 proceedings, a prisoner must obtain a certificate of appealability in order to appeal the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 925-26 (6th Cir. 2007). If the District Court relies on the undersigned's alternative recommendation and denies Cook's motion, the Court recommends that the District Court deny a certificate of appealability. For claims dismissed on procedural grounds, a certificate of appealability may issue where the movant has shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Here, reasonable jurists would not find the Court's ruling debatable. Cook clearly filed his Rule 60(b) motion too late.

10

decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 17th day of December, 2013.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge