UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 06-183-KSF

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                **OPINION & ORDER**

WILLIAM COOK                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion filed by the defendant, William Cook, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, alleging that this Court erred in failing to provide him with an evidentiary hearing on his prior motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [DE #99]. Consistent with local practice, this matter was referred to the Magistrate Judge.

On December 17, 2013, United States Magistrate Judge Robert E. Wier filed his Recommended Disposition [DE #107] which construed Cook's Rule 60(b) motion as a successive § 2255 motion. According to Magistrate Judge Wier, although Cook's motion is styled as a motion attacking the integrity of the § 2255 proceedings, it actually is an attack on the merits of this Court's prior decisions denying § 2255 relief. Relying on *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646-48 (2005), Magistrate Judge Wier concluded that because Cook is challenging this Court's previous resolution of a claim on the merits, it must be treated as a second or successive habeas application. *See also In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007)(applying the reasoning in *Gonzalez* to § 2255 motions). Because Cook has not received the requisite authorization for such a motion from

the Sixth Circuit, Magistrate Judge Wier recommends that this Court transfer his motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Neither party has filed objections to Magistrate Judge Wier's recommendation and the time for filing objections has expired. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record, is in agreement with the Magistrate Judge's Recommended Disposition.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1) the Magistrate Judge's Recommended Disposition [DE #107] is **ADOPTED** as and for the opinion of the Court; and

(2) Cook's motion [DE #99] is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 on the grounds that his construed 28 U.S.C. § 2255 motion is second or successive.

This January 16, 2014.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**