UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. WILLIAM COOK, Defendant. | No. 5:06-CR-183-DCR-HAI-1<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 23, 2017, Defendant William Cook, proceeding *pro se*, filed a motion to vacate under 28 U.S.C. § 2255.[1] D.E. 123. In 2007, following a jury trial, Cook was convicted of transporting a minor across state lines for the purpose of engaging in sexual contact. D.E. 46.

Because Defendant's current motion is "second or successive" under § 2255(h), the undersigned **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings.

**I.**

Cook's current motion, filed over nine years after his conviction, is styled as follows:

Federal Rule [of] Civil Procedure 60(b)(6) . . . for a 28 U.S.C. § 2255 to Vacate Sentence and Conviction; Set Aside and Null Void Judgment; Dismiss Indictment With Prejudice[;] and Immediately Release William Cook . . . for Lack of Subject Matter Jurisdiction and Jurisdiction Over the Person."

---

[1] The motion was placed in the prison mail on that date, but docketed on May 31, 2017.

D.E. 123 at 1. Although partially styled as a Rule 60(b) motion, the Court must treat it as a motion under § 2255. "A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Here, Cook attempts to add a new ground for relief, namely that the federal court lacked jurisdiction over his prosecution. Cook argues that, pursuant to the Tenth Amendment, he must "go before a state judge," not a federal court. D.E. 123 at 1. He accuses various officials, including his defense counsel, of committing crimes, torts, and regulatory violations against him in their assertion of federal jurisdiction. *Id*. at 2-5. He argues that, in the absence of a prior state prosecution, his federal indictment was void, as were "the laws that were passed that authorized [him] to be brought to Federal Court." *Id*. at 3-4. Because this is a new claim—a new ground for relief—that attacks his original judgment, the Court must treat it as a motion under 28 U.S.C. § 2255. *See Nailor*, 487 F.3d at 1023 (citing *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006)).

Defendant filed a previous § 2255 motion in February 2009. D.E. 65. That motion raised three grounds for relief: "ineffective assistance of counsel for failing to object to an incorrect presentence investigation report; ineffective assistance of counsel for counsel's failure to inform him of a plea offer from the Government; and a violation of his constitutional rights because the jury was 'all Anglo.'" D.E. 90 at 2-3. District Judge Forester denied the motion in October 2010. *Id*. at 7.

Defendant filed a second § 2255 motion in June 2013. D.E. 99. Although styled as a motion under Federal Rule of Civil Procedure 60(b), Magistrate Judge Wier found that it

constituted an uncertified second § 2255 motion. D.E. 107. In the motion, Cook argued that the Court erred in failing to provide an evidentiary hearing on his first § 2255 motion. *Id*. at 4. Judge Wier found that this was actually an attack on the merits of the prior ruling. *Id*. at 6. Judge Forester agreed, and transferred that second or successive motion to the Sixth Circuit Court of Appeals in January 2014. D.E. 108. In September 2014, the Court of Appeals denied authorization to file a second or successive § 2255 motion. D.E. 112. Later, Defendant sought permission from the Sixth Circuit to file another second or successive § 2255 motion, this time based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), but, in November 2016, the Court of Appeals denied the request because *Johnson* was inapplicable to his sentence. D.E. 120.

**II.**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 states that a court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Section 2255(h) states that a second or successive motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). In order to obtain such certification, a defendant must show that either (1) that there is newly discovered evidence that, when viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense; or (2) there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* Unless the Court of Appeals has authorized the filing of a "second or

3

successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Not every numerically second petition is "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645. One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

Here, the denial of Cook's original § 2255 motion was on the merits. *See* D.E. 84, 90. Cook now attacks the same conviction that flowed from his jury trial, merely adding a new legal ground for relief. *See* D.E. 46 (Judgment). He nowhere argues that he satisfies the exception found in 28 U.S.C. § 2255(h), *i.e.*, that there is newly discovered evidence or a new retroactive rule of constitutional law that was previously unavailable. Nor does he indicate that he has received authorization from the Sixth Circuit to file a second or successive § 2255 motion. *See Clark v. United States*, 764 F.3d 653, 657-58 (6th Cir. 2014).

**III.**

Because the legality of his detention was upheld on the merits on a prior § 2255 motion (and because neither § 2255(h) exception applies), Cook is required to seek certification from the Sixth Circuit in order to file this second or successive § 2255 motion. For this reason, the

undersigned **RECOMMENDS** that Cook's motion (D.E. 123) be transferred to the Sixth Circuit for a determination as to whether the District Court may review it.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 6th day of June, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge