UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 06-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM COOK, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Movant William Cook's motion seeking collateral relief. [Record No. 123] As discussed more fully below, while Cook's motion purports to seek relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the relief sought comes within the ambit of 28 U.S.C. § 2255. And because Cook previously has sought relief under this statutory section, he must first obtain permission from the United States Court of Appeals for the Sixth Circuit before proceeding in this Court.

**I.**

Cook knowingly transported a fourteen-year-old girl from Ohio to Scott County, Kentucky, with the intent that the minor engage in sexual activity in violation 18 U.S.C. § 2423(a). He was convicted in 2007 and later sentenced to a term of imprisonment of 292 months. [Record Nos. 34 and 46] Cook's conviction and sentence were affirmed in July 2008. [Record No. 58] After exhausting his direct appeal, Cook filed his first § 2255 motion on February 5, 2009. [Record No. 65] That motion was denied on October 28, 2010.

[Record Nos. 90 and 91]  Again, Cook's appellate challenge was unsuccessful.  [Record No. 98]

Cook filed a second collateral challenge to his conviction in June 2013.  [Record No. 99]  Cook captioned his pleading: "Motion to Vacate/Correct or Set Aside Judgment Pursuant to Fed. R. Civ. Proc. 60(B)(6)."  [Record No. 99]  However, the Magistrate Judge assigned to review that pleading correctly determined that it constituted a second, uncertified § 2255 motion.  [Record No. 107]  Thereafter, the matter was transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631.  [Record No. 108]  The Sixth Circuit denied Cook's request for permission to consider a second or successive § 2255 motion on September 29, 2014.  [Record No. 112]

Cook also filed a motion to reduce his sentence in May 2016, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), as authority for the relief requested.  [Record No. 114]  That motion was denied May 25, 2016, following reassignment to the undersigned.  [Record No. 117]  On November 16, 2016, the Sixth Circuit denied Cook's request for an order authorizing this Court to consider this claim as a second or successive § 2255 motion.  [Record No. 120]

Next, in December 2016, Cook filed a motion for a new trial, challenging the racial composition of the jury that convicted him in 2006.  [Record No. 121]  That motion was denied December 20, 2016.  [Record No. 122]  Undaunted, Cook retuned to this Court on May 31, 2017, again seeking relief under the guise of Rule 60(b)(6) of the Federal Rules of Civil Procedure.  [Record No. 125]  Cook's current motion was referred to United States Magistrate Judge Hanly A. Ingram for a report and recommendation.

## II.

On June 6, 2017, Magistrate Judge Ingram filed a Recommended Disposition, summarizing the relevant procedural history of the case and recommending that the matter be transferred to the Sixth Circuit pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings. [Record No. 125] As Magistrate Judge Ingram explained,

> Although partially styled as a Rule 60(b) motion, the Court must treat it as a motion under § 2255. "A Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct a sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Golzalez v. Crosby*, 545 U.S. 524, 532 (2005)).
>
> Here, Cook attempts to add a new ground for relief, namely that the federal court lacked jurisdiction over his prosecution. Cook argues that, pursuant to the Tenth Amendment, he must "go before a state judge," not a federal court. D.E. 123 at 1. He accuses various officials, including his defense counsel, of committing crimes, torts, and regulatory violations against him in their assertion of federal jurisdiction. *Id.* at 2-5. He argues that, in the absence of a prior state prosecution, his federal indictment was void, as were "the laws that were passed that authorized [him] to be brought to Federal Court." *Id.* at 3-4. Because this is a new claim – a new ground for relief – that attacks his original judgment, the Court must treat it as a motion under 28 U.S.C. § 2255. *See Nailor*, 487 F.3d at 1023 (citing *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006)).

[Record No. 125, p. 2]

The Magistrate Judge then concludes that, "[b]ecause the legality of [Cook's] detention was upheld on the merits on a prior § 2255 motion (and because neither § 2255(h) exception applies), Cook is required to seek certification from the Sixth Circuit [] to file this second or successive § 2255 motion." *Id.* at 4. Cook filed objections to the Magistrate Judge's Recommended Disposition on June 20, 2017.

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendations to which a party objects. 28 U.S.C. § 636(b)(1). Here, Cook contends that Rule 60(b) provides an avenue of relief where an incorrect standard has been applied in denying an earlier certificate of appealability. Cook cites *Buck v. Davis*, 137 S. Ct. 759 (2017), in support of his argument. However, his argument is unavailing.

Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application is permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This requirement cannot be circumvented by a defendant improperly characterizing the motion as seeking relief under Rule 60(b). That was the case with Cook's earlier motion under Civil Rule 60(b) and it remains true with his most recent filing.

In *Buck*, *id*., the Supreme Court clarified the standard appellate courts should use in addressing requests for issuance of certificates of appealability. It concluded that the Fifth Circuit should not have first decided the merits when considering an application for a certificate of appealability. Instead, appellate courts must initially resolve whether the matter presents an issue that is fairly debatable among reasonable jurists, thus initially satisfying that court's jurisdictional requirement.[1]

---

[1] Although not addressed in his motion or objections to the Magistrate Judge's Recommended Disposition, it does not appear that the Sixth Circuit's August 1, 2011, order denying Cook's request for a certificate of appealability in connection with his first § 2255 motion [Record No. 98] ran afoul of the rule announced in *Buck, id*. However, that is not an issue for this Court to address in the first instance.

> Until the prisoner secures a COA, the *Court of Appeals* may not rule on the merits of his case. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). . . . The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. . . . "When a *court of appeals* sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. *Id.* at 336-337, 123 S. Ct. 1029, 154 L. Ed. 2d 931.

*Buck*, *supra,* at 773 (emphasis added). As explained recently in *Dillingham v. Warden, Chillicothe Correctional Institution*, 2017 U.S. Dist. LEXIS 91423 (S.D. Oh., June 14, 2017), the jurisdiction of a circuit court over a habeas appeal depends on there being a properly-issued certificate of appealability. However, that is not the case with the district courts whose jurisdiction depends on other factors.[2]

Further, once this Court has made a decision regarding appealability and the matter is addressed *de novo* by the Sixth Circuit, this Court's decision becomes moot. And the Sixth Circuit's decision regarding whether a certificate of appealability should or should not issue becomes the law of the case and must be followed by this Court. Therefore, Cook cannot seek relief from this Court based upon a claim that an incorrect decision was made on issuance of a certificate of appealability. If he clams the error was committed by this Court, the issue is moot because it was addressed subsequently by the Sixth Circuit *de novo*. Conversely, if he claims that the Sixth Circuit erred in not issuing a certificate of

---

[2] As the district court explained in *Dilingham*, the habeas trial court cannot decide the appealability question first because it must first decide whether its conclusions are debatable among reasonable jurists. *Id*. at *5.

appealability, he is making a claim beyond the reach of this Court unless and until the Sixth Circuit permits a second or successive motion to be filed.

**III.**

As outlined above, Cook's motion must be considered as a second or successive motion seeking relief under 28 U.S.C. § 2255. As a result, it must be properly certified as provided in 28 U.S.C. § 2244 by a panel of the United States Court of Appeals for the Sixth Circuit before it may be considered by this Court. 28 U.S.C. § 2255(h). Accordingly, it is hereby

**ORDERED** as follows:

1.      The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 125] is **ADOPTED** in full and **INCORPORATED** here by reference.

2.      Defendant/Movant William Cook's objections to the Magistrate Judge's Recommended Disposition [Record No. 126] are **OVERRULED**.

3.      The Clerk of the Court is **DIRECTED** to transfer Defendant/Movant William Cook's habeas motion [Record No. 123] to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4.      To the extent that Defendant/Movant Cook seeks any relief from this Court, his request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 5th day of July, 2017.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**