UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 06-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM COOK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Cook has filed a *pro se* motion for compassionate release, citing several grounds for relief. [Record No.139] In the form section of the motion, Cook indicated that his request is based on the incapacitation of a spouse or immediate family member, having been a victim of sexual or physical abuse while incarcerated, the presence of "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similarly in gravity to the reasons described above," and the receipt of an unusually long sentence coupled with a change in the law that would result in a gross disparity between the sentence currently being served and the sentence likely to be imposed on the date of the motion. [Record No. 139 at 5]

The motion will be denied because the defendant has not established extraordinary and compelling reasons to warrant a sentence reduction. Furthermore, the relevant factors under 18 U.S.C. § 3553(a) do not support reducing Cook's sentence.

- 1 -

## I. Background

Cook transported a minor across state lines for the purpose of engaging in sexual conduct in violation of 18 U.S.C. § 2423(a). [Record Nos. 1 and 34] More specifically, his conduct involved the forcible rape of a 14-year-old girl that Cook transported from Ohio to Scott County, Kentucky. [Record No. 119 6-16] Cook was sentenced to 292 months of imprisonment by United States District Judge Karl S. Forester (below the guideline range of 360 months). [Record No. 46] Cook's conviction and sentence were affirmed on appeal. [Record No. 58]

Cook's criminal history includes multiple instances of passing bad checks and one incident of disorderly conduct that involved resisting arrest. [Record No 119 at 10-11] At the time of sentencing, Cook was on probation and had an outstanding warrant for burglary, theft from an elderly person, and tampering with physical evidence. [*Id.* at 11-12] While incarcerated, Cook has received numerous disciplinary sanctions for a range of infractions, including disruptive conduct, possession of unauthorized items, making false statements, phone abuse, refusal to obey orders, and several other violations. [Record No 143-3]

## II. Legal Standard

As a general matter, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may reduce a sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors (to the extent they apply) support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054

(6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))). The moving party has the burden to prove that he or she is entitled to a sentence reduction. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). The court will deny a motion for a sentence reduction "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. Specifically, a district court considers: "the defendant's (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant was a victim of abuse while in custody"; (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) "unusually long sentence" if a defendant "has served at least ten years of the term of imprisonment" then changes to the law "(other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023)); § 1B1.13(b)(5)–(6). Section 5H1.1 was amended, effective November 1, 2024, to address youthful offenders, noting "[c]ertain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice system."

- 3 -

But these amendments are non-retroactive. *See United States v. Bricker*, 135 F.4th 427, 432 (6th Cir. 2025). Therefore, they "do not factor into the extraordinary and compelling analysis." *McCall*, 56 F.4th at 1066.

### III. Analysis

Cook checks several boxes in the form motion, claiming entitlement to relief. However, he provides no further details to substantiate his allegations regarding the incapacitation of a spouse or immediate family member or claims of sexual or physical abuse while incarcerated. Because Cook bears the burden of establishing his entitlement to a sentence reduction, the undersigned does not consider these undeveloped arguments.

#### A. Cook Has Not Demonstrated an "Extraordinary and Compelling" Reason Warranting a Sentence Reduction.

Cook argues he should be released because he received an "unusually long" sentence and that "intervening changes in the law have produced an absurd truth: the average sentence for MURDER in the United States is 21 years." [Record No 139-4 at 6] While there is no bright line rule for what constitutes an "unusually long" sentence, courts have held that such a sentence exists where these is a "gross disparity between the original sentence and what it would be today." *United States v. Aguon*, 2025 WL 440115, at *5 (Feb. 7, 2025). A "gross disparity" is not strictly defined, but it exists when such disparity is glaringly noticeable. *Id. (*citing *United States v. Allen*, 717 F.Supp 3d 1308, 1316 (N.D. Ga. 2024)).

Cook's sentence is not usually long. His calculated guidelines range was life imprisonment, but the statutory maximum penalty for his offense was 360 months, which became his effective guideline range. [Record No. 119 at 19] However, the Court ultimately

sentenced Cook to 292 months—or 68 months below the bottom of the range.  Additionally, there have been no intervening changes in the law that affect his conviction or sentence.  The statutory penalties and applicable sentencing guideline calculations remain unchanged.  [*See* Record 119 at 8-9; U.S.S.G. §§ 2G1.3 and 2A3.1 (effective Nov. 1, 2024)]

Cook also cites Amendment 821 to the sentencing guidelines, which removes status offense points for defendants with seven or fewer criminal history points.  [Record No. 139-4 at 15] He suggests this amendment could reduce his sentence.  But Amendment 821 does not change Cook's sentencing guideline calculation.  Although his criminal history score included two status points for being on probation at the time of the offense, his total offense level was 43, resulting in a guideline range of life imprisonment—regardless of his criminal history score.  [Record No 119 at 9] That range, however, was capped at 360 months due to the statutory maximum.  [*Id*. at 19] Moreover, Cook is not eligible for a reduction under Amendment 821.  He is not a "zero-point offender," and his sex offense conviction disqualifies him from a reduction.  [*Id.* at 11] Therefore, Amendment 821 does not affect Cook's guideline calculation and does not support sentence reduction.

The remainder of Cook's arguments regarding "extraordinary circumstances" center on "individual circumstances," including his alleged "youth" at the time of the offense, his claimed lack of criminal history, and his post-sentencing rehabilitation efforts.  But none of these circumstances justify relief.  Cook was 30 years old when he committed the offense leading to his conviction and should not be considered "youthful."  Further, the nature of his actions—as detailed in the Offense Conduct section of the Presentence Report [Record No. 119 at 4-7]—present continuing concerns.  Tthe original sentence remains necessary to serve

- 5 -

both general and specific deterrence and to protect the public from future crimes by Cook. While the Court has considered his age both at sentencing and now, it does not affect the determination of a just punishment for transporting a minor with the intent to engage in sexual conduct.

Cook also claims that his criminal history prior to his conviction was "almost nonexistent." [Record No 139-4 at 10] The Court disagrees. And while his previous offenses may be less serious than the current conviction, his criminal history was not nonexistent. Cook has prior convictions of passing bad checks and disorderly conduct. [Record No.119 at 10-11] At the time of sentencing, there was also an outstanding warrant for burglary, theft from an elderly person, and tampering with physical evidence. [*Id*. at 12] Additionally, he was on probation when he committed the current offense. [*Id*. at 11] All told, Cook's criminal record does not suggest the offense of conviction was an isolated incident, nor does it present an extraordinary circumstance that would justify his release.

Finally, Cook argues that his post-sentencing rehabilitation supports early release. [Record No. 139-4 at 10] And he cites participation in six different programs and a recent application to another. [*Id.*] While the undersigned acknowledges and commends Cook's rehabilitation efforts during incarceration, they do not rise to the level of "extraordinary and compelling" under § 1B1.13(b)(5).

**B. The Relevant Sentencing Factors of § 3553(a) Do Not Support a Reduced Sentence.**

Since Cook has failed to demonstrate the existence of extraordinary and compelling circumstances, the Court does not need to weigh the § 3553(a) factors. However, even if

Cook had identified extraordinary and compelling reasons to reduce his sentence, it is not warranted when the § 3553(a) factors are considered.  The § 3553(a) factors include, *inter alia*, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553(a).

      Having considered the relevant factors, the court remains satisfied that the sentence was and remains minimally sufficient to achieve the aims of 3553(a).  Cook's conviction involved the forcible rape of a 14-year-old child.  And Cook's criminal record, along with his current obstructive and disruptive conduct in prison, suggests that his criminal conduct is likely to continue upon release.  He has already received a sentence considerably below the actual guideline range, which would have been life, or his functional guideline range of 360 months.  The circumstances underlying Cook's conviction were heinous. Granting an additional reduction in his sentence would create unjust disparities with similarly situated defendants and undermine the Court's sentencing objectives.  Moreover, Cook's history demonstrates a clear disregard for the law, underscoring the need for deterrence to prevent future criminal conduct.  The factors outlined in 18 U.S.C. § 3553(a) strongly oppose his early release.

      In summary, the Court remains convinced that the original sentence imposed is minimally sufficient, but certainly not greater than necessary to reflect the seriousness of

Cook's crime. The sentence further amounts to a just punishment that provides general and specific deterrence to future potential criminal conduct.

## IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant William Cook's motion for compassionate release [Record No. 139] is **DENIED**.

Dated: October 14, 2025.

<u>Danny C. Reeves</u>, District Judge
United States District Court
Eastern District of Kentucky