UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 06-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM COOK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant William Cook has filed a third *pro se* motion for compassionate release. [Record No. 148]  In his first motion, Cook sought relief based on the following reasons/allegations: (i) the imposition of an unusually long sentence, coupled with a change in the law that purportedly would result in a gross disparity between the sentence he is serving and the sentence likely to be imposed on the date of his motion; (ii) incapacitation of a spouse or family member; (iii) age; (iv) post-rehabilitative conduct; (v) being the victim of sexual or physical abuse while incarcerated; and (vi) the presence of "other circumstance or combination of circumstances" supporting early release.  [*See* Record No.139-4.] That motion was denied for the reasons explained in the Memorandum Opinion and Order filed October 14, 2025.  [Record No. 145]

Cook asserted in his second motion that he joined the "Norteno" gang while incarcerated, but later disaffiliated from the gang and cooperated with the United States Bureau of Prisons ("BOP") by providing information and/or assistance against the gang. [Record No. 146] He claimed that this cooperation placed him and his family in danger.  [*Id.*]

- 1 -

Cook sought a reduction in sentence under 18 U.S.C. § 3582(c), arguing that his assistance to the BOP constitutes extraordinary circumstances. [*Id.*] That motion was denied because Cook failed to demonstrate that he had exhausted his administrative remedies within the BOP. [Record No. 147 (citing 18 U.S.C. § 3582(c)(1)(A))] Accordingly, the Court did not evaluate the second motion under the factors outlined in United States Sentencing Guideline § 1B1.13 or 18 U.S.C. § 3553(a). [*Id.*]

Cook repeats in the third motion the claim raised in his second motion and asserts that he exhausted all administrative remedies. [Record No. 148; *see* Record No. 148-1.] However, the motion will be denied because Cook has not established extraordinary and compelling reasons warranting a sentence reduction. Furthermore, the relevant factors under 18 U.S.C. § 3553(a) do not support a reduction in his sentence.

## I.

As outlined previously, Cook was found guilty of transporting a minor across state lines for the purpose of engaging in sexual conduct in violation of 18 U.S.C. § 2423(a). [Record Nos. 145 and 147] More specifically, he forcibly raped a 14-year-old that he had transported from Ohio to Scott County, Kentucky. [Record No. 119 at ¶¶ 6-16] This Court (United States District Judge Karl S. Forester presiding) sentenced Cook to a term of imprisonment of 292 months: a sentence which was ***significantly below*** the guideline range of 360 months. [Record No. 46] Cook's conviction and sentence were affirmed on appeal. [Record No. 58]

Cook's criminal history also includes multiple instances of passing bad checks and one incident of disorderly conduct that involved resisting arrest. [Record No. 119 at 10-11]

At the time of sentencing, Cook was on probation and had an outstanding warrant for burglary, theft from an elderly person, and tampering with physical evidence. [*Id.* at 11-12] Further, while incarcerated, Cook has received numerous disciplinary sanctions for a range of infractions, including disruptive conduct, possession of unauthorized items, making false statements, phone abuse, and refusal to comply with orders. [Record No. 143-3]

## II.

As a general matter, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may reduce a sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors (to the extent they apply) support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))). The moving party has the burden to prove that he or she is entitled to a sentence reduction. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020). Finally, the court will deny a motion for a sentence reduction "if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

## III.

Cook argues that providing information to the BOP about a gang with which he was previously affiliated constitutes an extraordinary and compelling reason for a sentence reduction. [Record No. 148] It does not. Although the undersigned recognizes that Cook's

- 3 -

concerns about alleged potential safety risks to himself and his family may be understandable, and that his assistance to the BOP may be commendable, these circumstances do not rise to the level of extraordinary and/or compelling under U.S.S.G. § 1B1.13(b).

But *even if* Cook's circumstances rose to the level of being extraordinary and compelling, the relevant § 3553(a) factors clearly caution against a reduction of the sentence imposed in this matter. Upon careful review, the Court remains satisfied and convinced that the sentence is *minimally sufficient* to achieve the goals of § 3553(a). It bears repeating that the facts underlying Cook's conviction involved the forcible rape of a 14-year-old child. And Cook's criminal record, along with his recent obstructive and disruptive conduct whine in prison, suggests that his criminal conduct is likely to continue upon release.

Cook has already received a sentence considerably below the actual guideline range, (which would have been life) or his functional guideline range of 360 months. The circumstances underlying Cook's conviction were heinous. Granting a further reduction in his sentence would undermine the Court's sentencing objectives and not provide sufficient general deterrence to others inclined to engage in similar conduct. Moreover, Cook's history reflects a clear disregard for the law and underscores the need for specific deterrence which, in the opinion of the undersigned, can only be provided by maintaining the sentence originally imposed. In short, all relevant factors of 18 U.S.C. § 3553(a) strongly weigh against early release.

**IV.**

The Court remains convinced that the original sentence imposed is minimally sufficient, represents just punishment, and provides general and specific deterrence to future potential criminal conduct.  Accordingly, it is hereby

**ORDERED** that Defendant William Cook's third motion for compassionate release [Record No. 148] is **DENIED**.

Dated:  February 12, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky

- 5 -